## American Railway Express Company v. Berry.

*Justice of the peace—Appeal—Affidavit on appeal—Who may take affidavit—Mandamus.*

1. The affidavit upon an appeal from the judgment of an alderman or a justice of the peace is not required to be made before the justice from whose judgment the appeal is taken.

2. In such case, the affidavit may be made before a notary public, but it must be filed with the justice at the time the appeal is taken.

3. Mandamus is the remedy to compel the justice to allow an appeal in such case.

4. The decision of a preliminary question of procedure or practice by a justice of the peace, however judicial in character, may be reviewed, and in case of an erroneous decision thereof by him, he may be required by mandamus to perform his duty toward the appeal, notwithstanding his decision of the preliminary question.

5. A justice of the peace may be compelled to perfect an appeal when the facts are not in dispute, and where he has reached a wrong conclusion from the facts; where only one course is open to him on the facts, his plain duty is to follow that course and his refusal calls for a mandamus.

Demurrer to answer to alternative mandamus. C. P. Delaware Co., Dec. T., 1925, No. 1432.

*J. Allen Hodge* (of *Hannum, Hunter & Hannum*), for demurrer.

*J. Borton Weeks* (of *Taylor, Chadwick & Weeks*), contra.

FRONEFIELD, J., April 21, 1926.—Antonio Garritano recovered a judgment against the above plaintiff before the defendant, an alderman of the City of Chester. The plaintiff, by its representatives, within the required time appeared before the alderman, tendered the costs with good and sufficient bail absolute, and an affidavit in the usual form taken before a notary public, and stated its desire to appeal from the judgment and requested a transcript of the proceedings, which the alderman refused because the affidavit was not taken before him at the time of taking the appeal.

The plaintiff then presented its petition for a mandamus. An alternative writ was issued and served, whereupon a motion to quash was filed, which was dismissed, after which the defendant answered, to which answer the plaintiff demurred.

The questions involved in this demurrer are, first, whether the appeal affidavit may be taken before a notary public; second, whether, upon refusal to accept it, the alderman may be compelled by mandamus to do so; and, third, whether

the court will grant a mandamus when, as alleged, no failure of justice and where no question of lack of legal remedy are involved.

The Act of July 14, 1897, P. L. 271, provides that "no appeal shall be entertained from the judgment of a justice or alderman unless the appellant or his attorney shall make affidavit that the appeal is not for delay, etc." Under this act, it has been held that the affidavit may be made at the time the appeal is filed with the prothonotary (Myers v. Brodbeck, 12 York Leg. Record, 134; Culbertson v. Lightner, 12 Dist. R. 11), and may be made before the prothonotary (Bates v. Evans, 7 Dist. R. 259), or before another justice: Williams v. Smith, 14 Dist. R. 551, 30 Pa. C. C. Reps. 269.

The Act of March 25, 1903, P. L. 61, provides that "no appeal shall be allowed unless the appellant or his attorney or agent at the time of taking the appeal shall make affidavit in writing, etc." This act changes the prior one in regard to the time of making the affidavit, and provides that it shall be in writing. There is no provision requiring the affidavit to be made before the alderman who heard the case; and if this had been the intention of the legislature, it is reasonable that it would have been so provided, as the decisions under a similar prior act were otherwise: Oliver Manuf. Co. v. Burchfield, 18 Dist. R. 853.

The provision in the Act of 1903 that the affidavit shall be made at the time of taking the appeal corrects the decisions under the prior act, which was construed to mean that the affidavit may be filed at the time the appeal is entered in the Common Pleas. An affidavit filed at the time the appeal is taken complies with the requirements of the act: Eby v. Great Eastern Casualty Co., 14 Dist. R. 551, 30 Pa. C. C. Reps. 50.

The above authorities so rule in a motion to strike off the appeal, which applies in this proceeding, inasmuch as the decision of the justice to allow an appeal does not control its regularity.

In Plum v. Wittig, 5 Pa. Justices' Law Repr. 193, the appellant filed no affidavit, hence the question was not raised; neither is McCrea v. Pittsburgh, etc., R. R. Co., 2 Pa. Justices' Law Repr. 115, in conflict, because no affidavit was filed until six days after taking the appeal.

If the alderman refuses to permit the affidavit to be filed, there is no way by appeal or certiorari for the court to review the conclusion of the alderman (26 Cyc., 196), as there is nothing on the record; hence, a mandamus is a necessity: 18 Ruling Case Law, 241.

The decision of a preliminary question of procedure or practice, however judicial in character, may be reviewed, and in case of an erroneous decision thereof by the alderman, he may be required by mandamus to perform his duty toward the appeal, notwithstanding his decision of the preliminary question: 18 Ruling Case Law, 233.

The alderman may be compelled to perfect the appeal when the facts are not in dispute; and where the alderman has reached a wrong conclusion from the facts, where only one course is open to the alderman on the facts, his plain duty is to follow that course, and his refusal calls for the writ prayed for: 18 Ruling Case Law, 235, 240.

It follows that a peremptory mandamus should, and is hereby ordered to, issue, directed to Thomas C. Berry, alderman, commanding him to accept the affidavit for appeal heretofore tendered in the suit of Antonio Garritano against the American Railway Express Company, and to permit the said American Railway Express Company to perfect its appeal from the judgment entered against it before said alderman.

From A. B. Geary, Chester, Pa.